UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY FLANORY, #127896,

        Petitioner,

                              CASE NO. 2:12-CV-11800
v.                                  HONORABLE PAUL D. BORMAN

DEBRA SCUTT,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

### I. Introduction

Michigan prisoner Jerry Flanory ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner pleaded no contest to assault with intent to do great bodily harm less than murder, MICH. COMP. LAWS § 750.84, in the Genesee County Circuit Court in 2000. Following a probation violation, he was sentenced a fourth habitual offender, MICH. COMP. LAWS § 769.12, to five to ten years imprisonment in 2004. In his pleadings, Petitioner challenges the calculation of his sentence and the credit to be awarded from his interim incarceration on a federal sentence.

The matter is before the Court on Respondent's motion for summary judgment seeking to dismiss the petition as untimely under the one-year statute of limitations applicable to federal habeas actions. Having reviewed the matter, the Court finds that the habeas petition is untimely under 28 U.S.C. § 2244(d) and must be dismissed. The Court further finds that neither a certificate of

appealability nor leave to proceed *in forma pauperis* on appeal are warranted.

## II.  Facts and Procedural History

Petitioner tendered his no contest plea on December 11, 2000. He was sentenced to five years probation with the first year to be served in the Genesee County Jail and given 287 days of jail credit on January 18, 2001. After serving the required jail time, Petitioner was taken into federal custody on a warrant for a supervised release violation. He was sentenced to two years in federal prison in March, 2001 and remained in federal custody until his discharge on November 8, 2002. Petitioner was subsequently charged with violating the terms of his state probation. He pleaded guilty to a probation violation on September 28, 2004 and was sentenced to five to ten years imprisonment with 320 days of jail credit on October 21, 2004.

On September 25, 2006, Petitioner filed a motion to correct clerical mistakes concerning his sentence with the state trial court, which was denied. *People v. Flanory*, No. 00-5994-FH (Genesee Co. Cir. Ct. Aug. 21, 2007) (unpublished). Petitioner then filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. Flanory*, No. 283235, (Mich. Ct. App. May 15, 2008) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Flanory*, 482 Mich. 1118, 758 N.W.2d 277 (Dec. 18, 2008).

Petitioner dated his federal habeas petition on April 17, 2012 and it was filed by the Court on April 23, 2012. Petitioner also filed a motion for relief from judgment in the state trial court concerning his sentence in July, 2012, which was denied  *People v. Flanory*, No. 00-5994-FH (Genesee Co. Cir. Ct. Aug. 20, 2012) (unpublished). The record does not indicate whether Petitioner appealed that decision to the state appellate courts. Respondent filed the instant motion for summary

judgment and the state court record on October 29, 2012. Petitioner filed a reply to the motion on November 20, 2012.

### III. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, governs the filing date for this case because Petitioner instituted this action after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the proscribed time period must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days after the limitations period expired); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

3

Petitioner was sentenced on his probation violation on October 21, 2004. He did not file a direct appeal of that sentence. His sentence thus became final on October 21, 2005 when the one-year period for filing a delayed application for leave to appeal with the Michigan Court of Appeals expired. *See* MICH. CT. R. 7.205(F)(3); *Gonzalez v. Thaler*, _ U.S. _, 132 S. Ct. 641, 655 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time expires for seeking state-court review); *Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012). Accordingly, Petitioner was required to file his federal habeas petition on or before October 21, 2006, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner filed his motion to correct clerical mistakes on September 25, 2006. At that point, 338 days of the one-year federal habeas limitations period had expired. Petitioner's motion and related appeals remained pending in the state courts, thereby tolling the one-year period, until December 18, 2008. Petitioner then had 27 days, until January 15, 2009, to file his federal habeas petition. Petitioner did not date his petition until April 17, 2012 – more than three years after the one-year period had expired.[1]

Petitioner has not shown that the State created an impediment to the filing of his habeas petition, nor has he shown that his claims are based upon newly-discovered evidence or newly-created retroactively-applicable rights which would warrant habeas relief. Petitioner's habeas

---

[1]The Court notes that the petition would still be untimely if the statute of limitations did not begin to run until the Michigan Supreme Court denied leave to appeal in 2008. Additionally, Petitioner's most recent motion for relief from judgment does not affect the untimeliness of the petition. The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

action is therefore untimely under 28 U.S.C. § 2244(d).

The United States Supreme Court has confirmed that the habeas statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *See Holland v. Florida*, _ U.S. _, 130 S. Ct. 2549, 2560 (2010). The Supreme Court has explained that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)). Petitioner makes no such showing.

Moreover, the fact that Petitioner is untrained in the law, is (or was) proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain time does not warrant tolling. *See Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Petitioner has not shown that he is entitled to equitable tolling under *Holland*.

The United States Court of Appeals for the Sixth Circuit has held that a credible claim of

5

actual innocence may equitably toll the one-year statute of limitations. *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Holloway*, 166 F. Supp. 2d at 1190. As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Petitioner makes no such allegation. He is thus not entitled to equitable tolling of the one-year period. His petition is untimely and must be dismissed.

## IV. Conclusion

Based upon the foregoing discussion, the Court concludes that Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d), that he has not demonstrated entitlement to statutory or equitable tolling, and that the statute of limitations precludes habeas review. Accordingly, the Court **GRANTS** Respondent's motion for summary judgment and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas claim on the merits, the substantial showing threshold

is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id.* Jurists of reason would not find the Court's procedural ruling in this case debatable. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal because any appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED.**

/s/ Paul D. Borman

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

DATED: NOV 3 0 2012